IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION **RECEIVED**

2015 DEC 23  A 11: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MICHELE TABOR KIMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| | ) | CV-2015- |
| | ) | JURY DEMAND |
| | ) | |
| URS CORPORATION and AECOM | ) | 1:15-CV-945-WKW-TFM |
| TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

# ***COMPLAINT***

## I.    **JURISDICTION**

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. 28 U.S.C. §1331, 1343(4), 2001 and 2202 providing for injunctive and other relief against sex discrimination in employment.   The court has jurisdiction of the subject of this action pursuant to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202.

2.      The plaintiff files this suit within ninety (90) days of receipt of her Notice of Right to Sue from the EEOC.

## II.    **PARTIES**

3.      Plaintiff, Michele Tabor Kimbrough, is a female citizen of the United States and a

1

resident of the State of Florida. At all times relevant to this lawsuit, the plaintiff was employed with the defendants at their Ft. Rucker, Dale and Coffee Counties, Alabama location.

4.     Defendant, URS Corporation, (hereinafter "URS" or defendant), is an entity subject to suit under 28 U.S.C. §§1331, 1343(4), 2201 and 2202, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*. Defendant conducts business in the State of Alabama.

5.     Defendant, AECOM Technology Corporation, (hereinafter "AECOM" or defendant), is an entity subject to suit under 28 U.S.C. §§1331, 1343(4), 2201 and 2202, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*. Defendant conducts business in the State of Alabama.

6.     URS Corporation was acquired by AECOM Technology Corporation on October 17, 2014.

7.     The defendants, among other business activities, has contracted with the US Army to provide rotary wing flight training, flight training support, and flight training service support for the US Army, Army Reserves, Army National Guard, and US Air Force personnel at Ft. Rucker, Alabama to assist the military in developing qualified helicopter pilots and instructor pilots.

III.   **STATEMENT OF FACTS**

**SEX DISCRIMINATION - TERMINATION**

8.     The plaintiff re-alleges and incorporate by reference paragraphs 1-7 with the same force and effect as if fully set out in specific detail hereinbelow.

9.     The plaintiff began her employment with the defendants on October 2, 2003 and held the position of Academic Flight Instructor.

2

10.     Plaintiff was discriminatorily terminated on August 12, 2014.

11.     During the plaintiff's employment with defendants, she was the only flight instructor in the academic division that was qualified as a Pilot.

12.     During the plaintiff's employment, all her direct professional reviews of her performance conducted by evaluators from the Army, the Union, and defendants' management rated her performance as satisfactory or above. All student outcomes met or exceeded standards.

13.     However, the plaintiff was the only academic instructor terminated solely due to adverse student critiques. Thereby, the student critiques were used in a discriminatory manner to allegedly justify the plaintiff's discriminatory termination.

14.     Similarly situated male instructors were subject to adverse student critiques and were not terminated by the defendant.

15.     The plaintiff was the only female instructor in the Instruments Section. In the ten (10) years she was employed in the Academic Division as an Instruments Instructor, only one other academic instructor, a male named Bob Rench, was terminated. His termination, as understood by all of his fellow instructors, was based primarily on specific behavioral misconduct (throwing objects at students), not solely on adverse student critiques. Behavioral misconduct was never alleged against the charging party. The sole reason for the plaintiff's termination was adverse student critiques. Except for the issue of adverse student critiques, the plaintiff had an exemplary record in all aspects of her performance.

16.     A flawed, anonymous student critique process implemented in October 2008 ultimately replaced independent professional evaluations and quantifiable student academic success as the sole basis for judging professional performance. It was used in a discriminatory manner to

3

justify the plaintiff's termination via the progressive discipline process.

17.     The anonymous student critique process – flawed, unfair, ineffective, poorly constructed, and inappropriately used as it was – doesn't in and of itself make it discriminatory. The use of this device as a weapon by the COR and defendants' management to justify the wrongful termination of an otherwise qualified, protected minority makes the use of this process discriminatory.

18.     The plaintiff's quantifiable record of student success, combined with numerous independent, well documented, excellent performance evaluations by professional evaluators, demonstrate her capability.

19.     The defendants' decision to ignore quantifiable student academic success and documented professional evaluations and choose to use anonymous student critiques as the sole basis for termination of a qualified academic instructor, demonstrates the discriminatory effect of the COR and defendants' actions.

20.     Following the plaintiff's discriminatory termination in August 2014, the defendants implemented a new grading system called ARTS that allows instructors to document poor student attitude, thereby mitigating any "payback" by the student pilots. This change in procedure and process is an admission by the defendants that the critique process used against the plaintiff was flawed and discriminatory in its application.

21.     Plaintiff was discriminated against in her termination because of her sex by the defendants' management, all males, because she was a qualified female pilot and flight instructor in a dominantly male environment.

22.     Many of the male managers/supervisors were intimidated by the presence of a strong,

4

qualified female in their environment. A culture of male dominance permeates the work environment and reinforces the attitude that females do not belong. Managers, colleagues and students convey this attitude through their behaviors.

23.     Specifically, on average, less than 1 in 10-15 flight students are female, and less than 1 in 20-25 flight instructors are female (Academics and Flight Line combined). This imbalance reinforces the culture of male dominance and discriminatory attitudes and behavior toward females, thus limiting opportunity and making the work environment difficult for females.

24.     The defendant had no legitimate, non-discriminatory reason for its discriminatory treatment of the plaintiff.

25.     The plaintiff has suffered extreme harm as a result of defendant's willful conduct.

26.     The plaintiff seeks to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 28 U.S.C. §§1331, 1343(4), 2201 and 2202, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*.

2.     Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors,

5

employees, attorneys and those acting in concert with the defendant and at the defendant's request

from continuing to violate 28 U.S.C. §§1331, 1343(4), 2201 and 2202, the Civil Rights Act of 1964,

as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*

3.      Enter an order requiring the defendant to make the plaintiff whole by awarding her

the position she would have had absent sex discrimination, compensatory damages, punitive

damages,  and/or nominal damages, and declaratory and injunctive relief.

4.      The plaintiff further prays for such other relief and benefits as the cause of justice may

require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

_____
Kevin W. Jent
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

_____
OF COUNSEL

6

## DEFENDANTS' ADDRESSES:

### **Serve by Certified Mail:**

URS Corporation
Building 4509, Andrews Avenue
PO Box 620339
Fort Rucker, Alabama 35362

AECOM Technology Corporation
Building 4509, Andrews Avenue
PO Box 620339
Fort Rucker, Alabama 35362

7